SCOTT M. LOWRY (CA Bar No. 244504)
scott@lawlb.com
LOWRY BLIXSETH LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

CHRIS KAO (CA Bar No. 227086)
ckao@kaollp.com
ANDREW HAMILL (CA Bar No. 251156)
ahamill@kaollp.com
WHITNEY MINER (CA Bar No. 290825)
wminer@kaollp.com
KAO LLP
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: 415-539-0996
Facsimile: 866-267-0243

Attorneys for govino, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| GOVINO, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>     v.<br><br>GOVERRE, INC., a Delaware corporation; REGAN KELAHER, an individual; SHANNON ZAPPALA, an individual; and DOES 1-10,<br><br>             Defendants. | Case No. 8:17-cv-1237<br><br>**COMPLAINT FOR:**<br>**(1) TRADEMARK INFRINGEMENT;**<br>**(2) TRADE DRESS INFRINGEMENT;**<br>**(3) TRADEMARK DILUTION;**<br>**(4) CALIFORNIA STATUTORY UNFAIR COMPETITION;**<br>**(5) COMMON LAW UNFAIR COMPETITION; AND**<br>**(6) FEDERAL UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff govino, LLC ("govino") hereby pleads its complaint for damages against Defendants GoVerre, Inc. ("GoVerre"), Regan Kelaher ("Kelaher"), Shannon Zappala ("Zappala") (collectively the "GoVerre Defendants"), and DOES 1-10, as follows:

## JURISDICTION AND VENUE

1. This civil action arises under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*., as amended (the "Lanham Act"); California Business and Professions Code §§ 17200 *et seq*; and California Common Law.

2. This court has original jurisdiction over the parties and the subject matter of the action pursuant to 28 U.S.C. §§ 1131 and 1338(a)-(b), as well as under 15 U.S.C. §§ 1119 and 1121.  This court also has personal jurisdiction over Defendants because Defendants are doing business and/or reside in this state and/or the alleged acts of infringement have occurred and/or are occurring in this state.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(a)-(b). The alleged acts of infringement and misappropriation have occurred and/or are occurring in this district and GoVerre resides within this judicial district.

## PARTIES

4. govino is a Delaware limited liability company having its principal place of business at 20371 Irvine Ave., Suite A-100, Newport Beach, California 92660.

5. GoVerre is a Delaware corporation having its principal place of business at 2542 Corbel Way, San Marcos, California 92078.

6. Regan Kelaher is an individual having a residence address of 720 Teaberry St., Encinitas, California 92024.

7. Shannon Zappala is an individual having a residence address of 2542 Corbel Way, San Marcos, California 92078.

8. govino is unaware of the true names of the Defendants identified in the Complaint under the fictitious names Does 1-10.  On information and belief, Does 1-10 are unlawfully making, using, selling, offering to sell, or otherwise importing products that infringe govino's

trademarks, such as in connection with drinking vessels. govino will amend its Complaint to identify the names of the Doe Defendants as they are discovered.

## FACTUAL BACKGROUND

9. govino is engaged in the design, manufacturing, distribution and retail sales of a niche group of drinking vessels. Through years of marketing and developing goodwill, govino has since become a leading global provider of original and distinctive drinking glasses that include, *inter alia*, its GOVINO® Go Anywhere® shatterproof, reusable, recyclable™ stemless wine glasses, flutes, cocktail glasses, beer glasses, and decanters (collectively the "GOVINO® Products") as shown, *e.g.*, in Exhibit A. Each of the GOVINO® Products are readily identifiable and distinguishable over competitor products, *e.g.*, by way of inclusion of a distinctive non-functional notched indent in the glass sidewall ("govino Trade Dress") as shown in Exhibits B-D.

10. Since about 2008, govino has substantially continuously and exclusively marketed and sold the GOVINO® Products incorporating the govino Trade Dress in commerce. Because of govino's expenditure of considerable time, effort, and money to advertise and publicize this feature, the govino Trade Dress has garnered well-known industry recognizable trade dress distinction that has become associated only with govino, and serves to designate govino as an exclusive manufacturing source distinguishable over competitor products. Consumers readily see the govino Trade Dress in the GOVINO® Products and in connection with govino's advertising and product packaging, such as at the point of purchase in retail stores and at online retailers. For example, all packaging shows the govino Trade Dress in wire form or as a picture on the box front and on the side where a white semi-circle noticeably disrupts a colored boarder next to the govino Trade Dress. *See, e.g.,* Exhibits A-D.

11. The United States Patent and Trademark Office ("USPTO") has also awarded govino multiple design patents incorporating the purely ornamental govino Trade Dress, including U.S. Patent No. D577,547, which issued September 30, 2008, claiming an "ornamental design for a wine glass" (Exhibit E); U.S. Design Patent No. D646,926, which issued October 11, 2011, claiming an "ornamental design for a champagne glass" (Exhibit F); U.S. Patent No. D724,898, which issued March 24, 2015, claiming an "ornamental design for a beer glass"

(Exhibit G); and U.S. Patent No. D685,218, which issued July 2, 2013, claiming an "ornamental design for a decanter" (Exhibit H) (collectively "GOVINO® Design Patents"). Each of the GOVINO® Design Patents are presumed valid and enforceable under 35 U.S.C. § 282.

12. The GOVINO® Products are now the most sought after and well-recognized products in the industry. For example, the GOVINO® Products have been top selling products on Amazon.com, some of which have been highly ranked (*i.e.*, #1-#4) for several years dating back to 2010. Thus, the GOVINO® Products rank in the top 1% of products on Amazon.com. In each instance, the Amazon.com listings prominently display govino's trademarks, distinctive product configurations, and distinctive trade dress as shown, *e.g.*, in Exhibits I-J.

13. govino has received numerous awards related to the distinctive product configuration and/or trade dress for several of its products. Specifically, the GOVINO® Go Anywhere® Wine Glass (Exhibit B) won the International Design Excellence Award (IDEA) – Silver Award (2010) and the Good Design Award for 2010 from the Chicago Athenaeum: Museum of Architecture and Design; and the GOVINO® Go Anywhere® Flute (Exhibit B) won the International Design Excellence Award (IDEA) – Bronze Award (2012) and the Good Design Award for 2012 from the Chicago Athenaeum: Museum of Architecture and Design. Of particular note, the IDEA awards are from the Industrial Designers Society of America, and govino was the recipient of these awards based on the premise that the GOVINO® Go Anywhere® Wine Glass and the GOVINO® Go Anywhere® Flute made drinking wine out of plastic glass acceptable in the wine industry.

14. The GOVINO® Products receive widespread publicity, and have been featured in popular TV shows such as The Bachelor®, the George Lopez show, The Martha Stewart Show, Oscar® winning movies such as La La Land, and world-renowned publications, including newspapers, magazines and respected online articles that reach millions of readers daily. In particular, govino's products have been featured in publications such as *The New York Times* (Dec. 2012, June 2011, Dec. 2010, Apr. 2009), *Los Angeles Times* (Jul. 2011, Mar. 2008); *The Wall Street Journal* (Nov. 2012, Jun. 2012); *Chicago Tribune* (Jul. 2009), *Wine Spectator* (Dec. 2012, Feb. 2011, Dec. 2008, Sep. 2008), *Sunset Magazine* (Sept. 2012), *Lucky Magazine* (Dec.

2011), *InStyle Magazine* (Mar. 2011), *Real Simple Magazine* (Dec. 2010), *Los Feliz Ledger* (Jul. 2010), *Town & Country Magazine* (Jun. 2010), *Food & Wine Magazine*, *San Francisco Chronicle* (Jan. 2009), and the *Calgary Herald* (Jul. 2008). Moreover, govino's products have been featured in dozens of other publications that include, but are not limited to, *TimeOut New York*, *Refinery 29*, *iVillage.com* (Nov. 2012, Jul. 2011), *Alsace "Hugel"*, *PopSugar*, *Newsday*, *Food Republic*, *Tasting Table*, *Huffpost Food*, *Cool Hunting*, *Dexinger*, *Star-Telegram*, *Socializzare Luxury*, *Ready Made Magazine*, *Details Magazine*, *Saveur*, and *Solano Magazine*, just to name a few.

15. The GOVINO® Products are recognized by experts in the wine industry, such as Nicola Marzovilla (wine distribution company, restaurant and vineyard owner) and Seth Box (director of education for Moët Hennessy USA), both of whom recommended the GOVINO® Go Anywhere® Wine Glass in *The New York Times*. The GOVINO® Go Anywhere® Wine Glass, along with other GOVINO® Products, have been displayed and endorsed through video publications, such as by television personality and well-known celebrity Martha Stewart (marthastewartliving.com) and *The Today Show*. Moreover, the GOVINO® Go Anywhere® Wine Glass and its GOVINO® 4-Pack Tote were shown in the Seminal Design Exhibition "How Wine Became Modern" at the San Francisco Museum of Modern Art in 2010.

16. govino is also the sole and exclusive owner of several valid and enforceable United States trademark registrations that include U.S. Reg. No. 3,586,708 for GOVINO, which registered March 10, 2009 on the Principal Register, for use in connection with "Drinking vessels" in Intl. Class 021 (the "govino '708 Registration") (Exhibit K); U.S. Reg. No. 4,063,605 for GOVINO, which registered November 29, 2011 on the Principal Register, for use in connection with "wine, wine sold in a flexible pouch, wine sold in a flexible pouch with a disposable wine glass, and wine sold in a single serving size" in Intl. Class 033 (the "govino '605 Registration") (Exhibit L); and U.S. Reg. No. 4,712,133 for GO ANYWHERE, which registered March 31, 2015 on the Principal Register, for use in connection with "Decanters; Drinking vessels" in Intl. Class 021 (the "govino '133 Registration") (Exhibit M) (collectively "GOVINO® Trademarks"). Additionally, the govino '708 Registration is incontestable.

17. The GoVerre Defendants make, use, sell, offer to sell, and/or import variety of wine glasses identified under the "GOVERRE" product lines, such as through its website www.goverre.com (Exhibit N), Amazon.com (Exhibit O), and Facebook (Exhibit P), among other outlets (collectively the "Infringing Glasses").

18. In about January 2014, a concerned customer notified govino that a company had initiated a Kickstarter campaign using the confusingly similar brand name "GOVERRE" in connection with drinking vessels, and specifically wine glasses. A true and correct copy of the January 2014 Kickstarter Campaign is attached hereto as Exhibit Q.

19. Upon further investigation, govino realized that the January 2014 Kickstarter Campaign was owned by Kelaher and/or Zappala, who own GoVerre. Zappala had visited govino in about 2010 and, at that time, reviewed and discussed with govino the success of the GOVINO® Products, the GOVINO® Trademarks, and the govino Trade Dress. The GoVerre Defendants have thus been aware of the GOVINO® Products, the GOVINO® Trademarks, and the govino Trade Dress since about 2010. During the 2010 meeting, Zappala appeared amazed and inspired by the success of the GOVINO® Products, the GOVINO® Trademarks, and the govino Trade Dress.

20. Zappala is also the sister-in-law of John Greer ("Greer"), the President & Founding Partner of LJG Partners, Inc. ("LJG"), a company specializing in branding, including the design and development of brand names, brand strategy, web strategy, content planning, integrated campaigns, digital brand strategies, etc.

21. Greer was considering investment opportunities in govino in 2010, around the same time Zappala met with govino at the govino offices in St. Helena, California.

22. While Greer never formally invested in govino, in about the first quarter of 2014, govino hired Greer's company LJG to represent govino in its branding strategies, including with respect to the GOVINO® Trademarks and the govino Trade Dress.

23. During this time in about late 2013 to early 2014, Greer was also providing branding advice to Zappala, Kelaher, and/or GoVerre regarding the Infringing Glasses.

24. Greer also invested in the GoVerre Defendants' January 2014 Kickstarter

Campaign.

25. Greer told govino in January 2014 that consumers of the Infringing Glasses were sophisticated enough to purchase the GOVINO® Products. Thus, consumers of the GOVINO® Products are the same as consumers of the Infringing Glasses and the GOVINO® Products travel through the same trade channels as the Infringing Glasses.

26. Greer also admitted to govino that GOVERRE sounds similar to GOVINO®.

27. Recognizing the immediate issues related to a potential for a likelihood of confusion, Greer offered to discuss the GOVERRE naming issues with the GoVerre Defendants at that time.

28. In about February 2014, Greer confirmed with govino that he spoke with Zappala and that the January 2014 Kickstarter Campaign was a non-starter since the GoVerre defendants fell well short of their funding goal; and that the GOVERRE project had been put on indefinite hold. Moreover, Greer recommended that govino send the GoVerre Defendants "a serious legal notice" should the GoVerre Defendants decide to later resurrect the use of GOVERRE in connection with wine glasses.

29. Since the January 2014 Kickstarter Campaign failed, govino believed that the Infringing Glasses bearing the GOVERRE mark would not be produced by the GoVerre Defendants.

30. Subsequently, on about March 31, 2014, and unknown to govino, the GoVerre Defendants initiated a second Kickstarter Campaign, despite knowing full well that the Infringing Glasses infringed the GOVINO® Trademarks and/or the govino Trade Dress. A true and correct copy of the March 2014 Kickstarter Campaign is attached hereto as Exhibit R.

31. On about June 11, 2013, the GoVerre Defendants applied for and eventually obtained, on June 30, 2015, U.S. Trademark Reg. No. 4,765,018 for GOVERRE for use in connection with "Wine glasses" in Intl. Class 021 (the "GoVerre '018 Registration") (Exhibit S).

32. Additionally, also on about June 11, 2013, the GoVerre Defendants applied for and eventually obtained, on September 22, 2015, U.S. Trademark Reg. No. 4,818,372 for "ANY WINE. ANY TIME." also for use in connection with "Wine glasses" in Intl. Class 021 (the

"GoVerre '372 Registration") (Exhibit T).

33. The GoVerre '018 Registration and the GoVerre '372 Registration both identify drinking vessels as the relevant goods.

34. The GoVerre Defendants' use of GOVERRE in connection with wine glasses is confusingly similar in sight, sound, and/or commercial impression with the govino '708 Registration for GOVINO, the govino '605 Registration for GOVINO, and/or the govino '133 Registration for GO ANYWHERE.

35. The GoVerre Defendants' use of "ANY WINE. ANY TIME." in connection with wine glasses is at least confusingly similar in sight, sound, and/or commercial impression with the govino '133 Registration for GO ANYWHERE.

36. A true and correct comparison of the GoVerre Defendants' use of the confusingly similar combination of "GOVERRE" and "ANY WINE. ANY TIME." with govino's registered trademarks for GOVINO® and GO ANYWHERE® is enclosed as Exhibit U.

37. The GoVerre Defendants advertise and sell the Infringing Glasses on Amazon.com and in the same category of "Wine Glasses" with at least the GOVINO® Go Anywhere® Wine Glass.

38. The French translation for the word "Verre" is "glass" in English.

39. The Infringing Glasses also include an oval formation in the silicon sleeve ("Oval Mark") that mimics the distinctive product configuration of the notched indent of the govino Trade Dress in each of the GOVINO® Products, as shown, *e.g.*, in the comparison attached hereto as Exhibit V. Use of the Oval Mark further has the potential to confuse consumers into believing that the Infringing Glasses are endorsed, sponsored or otherwise manufactured by govino, especially when used in association with "GOVERRE" and "ANY WINE. ANY TIME."

40. The GoVerre Defendants knew of the GOVINO® Products and, in recognizing the extreme commercial success, decided to engage in the business of making, using, importing, selling, or otherwise offering to sell its own Infringing Glasses and knock off the GOVINO® Trademarks and the govino Trade Dress.

41. Consumers will be unable to discern the differences in the origination of the

products, especially when the GoVerre Defendants' Infringing Glasses appear next to the GOVINO® Products, such as on Amazon, in view of the similarities between the GoVerre Defendants' use in commerce of "GOVERRE", "ANY WINE. ANY TIME.", and the Oval Mark.

42. On about April 24, 2017, govino became aware that the GoVerre Defendants were again making, using, selling, offering to sell, and/or importing the Infringing Glasses in response to a customer inquiry after the GoVerre Defendants appeared on the popular TV show Shark Tank on April 21, 2017. Since airing, govino representatives have received and continue to receive inquiries regarding customer confusion that govino appeared on Shark Tank.

43. In response to the customer confusion, on May 2, 2017, govino delivered to the GoVerre Defendants a cease and desist letter, a true and correct copy of which is attached hereto as Exhibit W. The GoVerre Defendants refused to cease its infringing activity.

44. Then, while displaying the GOVINO® Trademarks and the govino Trade Dress at a display booth during the Harlem EatUp! Festival on May 15, 2017 at Morningside Park in New York, govino representatives received multiple inquiries from customers and prospective customers regarding whether govino had appeared on Shark Tank in late April, and whether GOVERRE was a new govino product.

45. govino then sent a second cease and desist letter to the GoVerre Defendants on June 9, 2017, a true and correct copy of which is attached hereto as Exhibit X. The GoVerre Defendants again refused to discontinue their infringing activity.

46. govino continued to receive inquiries from customers and suppliers regarding whether the Infringing Products are another govino product line. In another more recent example during the Food and Wine Classic on June 16-18, 2017 in Aspen, Colorado, govino again received multiple inquiries from customers and prospective customers regarding whether govino had appeared on Shark Tank, and whether GOVERRE was a new govino product. Customers made these inquires with govino while govino was displaying the GOVINO® Trademarks and the govino Trade Dress in connection with a product display booth at the Food and Wine Classic.

47. Given that the GoVerre Defendants have refused to stop their infringing activity,

and in view of growing consumer confusion, govino was forced to file the present action.

48. The GOVINO® Products and the Infringing Glasses are relatively inexpensive drinking glasses to which purchasers devote only slight care and attention in making selections and purchases. Thus, the govino Trade Dress prominently shown and marketed at the point of sale is important to its commercial success and serves to distinguish the GOVINO® Products over competitor products. Such features allow ordinary purchasers, who typically rely only on general impressions with respect to an original product or its name, to readily identify the GOVINO® Products as originating only with govino. Despite drinking glasses being commonplace for years, the GoVerre Defendants designed the Infringing Glasses to include features such as the Oval Mark that mimic the govino Trade Dress so that ordinary consumers, having seen and perhaps even purchased the GOVINO® Products in the past, would believe Defendants' Infringing Glasses were govino products.

49. In doing so, the GoVerre Defendants endeavor to and stand to obtain substantial business by passing off the Infringing Glasses as a product endorsed, sponsored or otherwise manufactured by govino, or to otherwise use govino's goodwill to divert business away from govino, at the expense of govino, and to the GoVerre Defendants' financial gain.

50. Defendants, through their agents, employees, and servants, have, and continue to, knowingly, intentionally, and willfully directly infringe the GOVINO® Trademarks and govino Trade Dress prominently shown in all GOVINO® Products, and in violation of 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and California common law.

51. Unless immediately enjoined by a preliminary injunction, the GoVerre Defendants' actions will continue to infringe govino's intellectual property rights and cause consumer confusion to govino's detriment and to the GoVerre Defendants' commercial advantage, by riding on the substantial consumer goodwill developed by govino, for which govino has no adequate remedy.

**FIRST CAUSE OF ACTION**
(Trademark Infringement, 15 U.S.C. § 1114)

52. govino re-alleges and incorporates by reference the allegations set forth in

paragraphs 1-51 above.

53. Defendants have commercially used the "GOVERRE", "ANY WINE. ANY TIME.", and the Oval Mark on the Infringing Glasses and their product packaging without the consent of govino. The GoVerre Defendants' actions constitute use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of govino in connection with the sale, offering for sale, distribution, or advertising of goods and/or services in connection with which such use is likely to cause confusion or mistake, or to deceive in violation of the Lanham Act, 15 U.S.C. § 1114.

54. govino has been injured in an amount to be proven at the time of trial, and has suffered and will continue to suffer irreparable harm for which govino has no adequate remedy at law. Unless the acts of trademark infringement are enjoined by this Court, govino will continue to suffer irreparable harm. govino is therefore entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116.

55. Upon information and belief, Defendant has engaged in such infringement knowingly, willfully, deliberately, and in conscious disregard of govino's rights making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
(Trade Dress Infringement, 15 U.S.C. § 1125(a))

56. govino re-alleges and incorporates by reference the allegations set forth in paragraphs 1-55 above.

57. Through the expenditure of considerable time, effort, money, awards, and publicity, the proprietary GOVINO® Products, including, but not limited to, the GOVINO® Go Anywhere® Wine Glass, have garnered well known industry recognizable trade dress distinction that associates the designs of these products only with govino and serve to designate govino as an exclusive manufacturing source of such products.

58. The GoVerre Defendants' commercial use of the confusingly similarly configured Infringing Glasses is likely to cause customer confusion or to cause mistake or to deceive as to the affiliation, connection, or association of the GoVerre Defendants with govino, or as to the

Case 8:17-cv-01237-JLS-E Document 1 Filed 07/19/17 Page 12 of 17 Page ID #:12

origin, sponsorship, or approval of the GoVerre Defendants' goods, services, or commercial activities by govino, so as to cause a likelihood of confusion among the public as to the source of the Infringing Glasses.

59. Such past, present and future commercial usage by the GoVerre Defendants of the Infringing Glasses constitutes at least infringement of the govino Trade Dress in violation of Section 32 of the Lanham Act, 15 U.S.C. 1125(a) for which govino is entitled to relief. 15 U.S.C. § 1051 *et seq.*; 15 U.S.C. § 1125(a).

60. The GoVerre Defendants' unauthorized use is likely to cause, has already caused, and will continue to cause confusion, mistake or deception in the minds of purchasers, members of the trade, and the general public relative to govino, the govino Trade Dress identified above, and the correct source of the Infringing Glasses.

61. govino has been injured in an amount to be proven at the time of trial, and has suffered and will continue to suffer irreparable harm for which govino has no adequate remedy at law. Unless the acts of trademark infringement are enjoined by this Court, govino will continue to suffer irreparable harm. govino is therefore entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116.

62. The GoVerre Defendants have engaged in such infringement knowingly, willfully, deliberately, and in conscious disregard of govino's rights making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**THIRD CAUSE OF ACTION**
(Trademark Dilution, 15 U.S.C. § 1125(a))

63. govino re-alleges and incorporates by reference the allegations set forth in paragraphs 1-62 above.

64. govino's registered GOVINO® Trademarks and the distinctive govino Trade Dress of the GOVINO® Products have become widely recognized by the general consuming public of the United States as a designation of source widely recognized with govino, as enumerated in detail above.

65. The actions of the GoVerre Defendants, as described above, and specifically,

without limitation, the blatant and unauthorized depiction of "GOVERRE", "ANY WINE. ANY TIME.", and the Oval Mark on the Infringing Glasses and their product packaging, in commerce, in connection with the sale, offering for sale, distribution, and/or advertising throughout the United States, are likely to and have already caused and will continue to cause dilution by blurring and tarnishment in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1125(a), for which govino is entitled to relief.

66. The GoVerre Defendants' actions are likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of the GoVerre Defendants with Govino, or as to the origin, sponsorship, or approval of the GoVerre Defendants' goods, services, or commercial activities by govino in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1125(a).

67. govino has suffered and continues to suffer damages in an amount to be proven at trial, comprising, *inter alia*, diminution in the value of and goodwill associated with the GOVINO® Trademarks and the trade dress rights associated with the govino Trade Dress, which have caused injury to govino's business. govino is therefore entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(c).

68. The GoVerre Defendants have engaged in such false designation of origin, association, affiliation, connection, endorsement and/or approval knowingly, willfully, deliberately, and in conscious disregard of govino's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

**FOURTH CAUSE OF ACTION**
(California Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*)

69. govino re-alleges and incorporates by reference the allegations set forth in paragraphs 1-68 above.

70. The GoVerre Defendants' use of "GOVERRE", "ANY WINE. ANY TIME.", and the Oval Mark, which are confusingly similar with the GOVINO® Trademarks and the govino Trade Dress, constitutes unlawful, unfair, and/or fraudulent business acts or practices under Cal. Bus. & Prof. Code 17200. *et seq.*

71. The GoVerre Defendants' acts of unlawful, unfair, and/or fraudulent competition have caused harm to competition, consumers, and competitors.

72. The GoVerre Defendants' acts of unlawful, unfair, and/or fraudulent competition have proximately caused govino to suffer and to continue to suffer injury in fact and loss of money and/or property (including expenses that govino has incurred, and continues to incur, in its efforts to prevent and deter the GoVerre Defendants' from engaging in unlawful conduct) in an amount to be proven at trial.

73. Defendants' acts of unlawful, unfair, and/or fraudulent competition also have caused irreparable and incalculable injury to govino, to the GOVINO® Trademarks and the govino Trade Dress and to the business and goodwill represented thereby, and, unless enjoined, will cause further irreparable and incalculable injury, whereby govino has no adequate remedy at law.

74. The GoVerre Defendants' acts of unlawful, unfair, and/or fraudulent competition have caused The GoVerre Defendants to be unjustly enriched.

**FIFTH CAUSE OF ACTION**
(Common Law Unfair Competition)

75. govino re-alleges and incorporates by reference the allegations set forth in paragraphs 1-74 above.

76. The GoVerre Defendants' use of "GOVERRE", "ANY WINE. ANY TIME.", and the Oval Mark on the Infringing Glasses and their product packaging in commerce constitute infringement of the GOVINO® Trademarks and the govino Trade Dress and unfair competition in violation of the common law of California for which govino is entitled to relief.

77. The GoVerre Defendants' actions have caused, are causing, and unless enjoined by this Court, will continue to cause confusion of the public as to the source of the Infringing Glasses.

78. The GoVerre Defendants, with full knowledge of the GOVINO® Trademarks and the govino Trade Dress, have committed these acts willfully, with the intent to trade or pass off the Infringing Glasses as their own, in complete disregard of govino's goodwill and the goodwill

associated with the GOVINO® Trademarks and govino Trade Dress.

79. Because of the GoVerre Defendants' acts, the GoVerre Defendants have been unjustly enriched and govino has suffered and will continue to suffer damages and injury, for which govino is entitled to relief under the common law.

## SIXTH CAUSE OF ACTION
(Federal Unfair Competition and False Designation of Origin
Lanham Act § 43(a), 15 U.S.C. § 1125(a))

80. govino re-alleges and incorporates by reference the allegations set forth in paragraphs 1-79 above.

81. The GoVerre Defendants, through its use of "GOVERRE", "ANY WINE. ANY TIME.", and the Oval Mark have misappropriated the good will symbolized by the GOVINO® Trademarks and govino Trade Dress, in connection with GoVerre Defendants' goods and services and GoVerre Defendants' containers for goods.

82. The GoVerre Defendants' actions constitute a use in commerce of a word, term, name, symbol, or device, or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of GoVerre Defendants with govino, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by govino.

83. The GoVerre Defendants' had prior knowledge of the GOVINO® Trademarks and the govino Trade Dress, imitated the GOVINO® Trademarks and the govino Trade Dress, and have unjustly enriched themselves at govino's expense.

84. The GoVerre Defendants' actions constitute unfair competition, false designation of origin, and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) for which govino is entitled to relief. govino is also entitled to have the Infringing Glasses and their product packaging destroyed in accordance with 15 U.S.C. § 1118.

## PRAYER FOR RELIEF

WHEREFORE, govino requests entry of judgment in its favor and against Defendants as follows:

a. Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, destroy or offer up to govino for destruction any and all Infringing Glasses and their product packaging that are within Defendants' possession, custody, or control;

b. Judgment be entered in favor of govino that Defendants have directly and/or indirectly infringed U.S. Trademark Reg. Nos. 3,586,708; 4,063,605; and 4,712,133 and the distinctive product configuration of the notched indent of the govino Trade Dress of the GOVINO® Products;

c. Cancellation of the GoVerre Defendants' U.S. Trademark Reg. Nos. 4,765,018 and 4,818,372;

d. Defendants and their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined from violating govino's rights by way of:

    i. using the GOVINO® Trademarks and govino Trade Dress in connection with selling, marketing, advertising, promoting and/or distributing drinking vessels, including wine glasses;

    ii. using any word, name, mark, designation, logo, or other material for or in connection with selling, marketing, advertising, promoting and/or distributing drinking vessels, including wine glasses, which is likely to cause confusion, mistake or deception as to source relative to govino's names, marks, designations of origin and logos, including in the Infringing Glasses and their product packaging;

    iii. passing off the GoVerre Defendants' goods as govino's goods;

    iv. practicing unfair competition, unfair trade practices, false advertising and misappropriation against govino;

    v. practicing any conduct aimed at or likely to result in diverting business

intended for govino or injuring govino's good will and business reputation by way of imitation, misrepresentation, false statements, fraud, advertising and/or deception;

e. govino be awarded (a) the GoVerre Defendants' profits; (b) damages sustained by govino; and (c) the costs for this civil action, including reasonable attorneys' fees, under 15 U.S.C. § 1117(a);

f. The present case be judged as exceptional within the meaning of Lanham Act 15 U.S.C. § 1117 to warrant judgment for three times such profits and damages, including prejudgment interest;

g. The GoVerre Defendants be ordered to mail notice letters at their expense to all customers, accounts, distributors, dealers, jobbers, salesmen, sales representatives and suppliers, informing them that it has committed trademark infringement and unfair competition against govino and that it has no affiliation, connection or other business relationship with govino; and

h. Any further relief that this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, govino respectfully demands a trial by jury on all claims and issues so triable.

Dated: July 19, 2017

/s/ Scott M. Lowry
Scott M. Lowry
Lowry Blixseth LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

Chris Kao
Andrew Hamill
Whitney Miner
KAO LLP
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: 415-539-0996
Facsimile: 866-267-0243
Attorneys for govino, LLC