Scott M. Lowry (CA Bar No. 244504)
scott@lawlb.com
LOWRY BLIXSETH LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

Chris Kao (CA Bar No. 227086)
ckao@kaollp.com
Andrew Hamill (CA Bar No. 251156)
ahamill@kaollp.com
Whitney Miner (CA Bar No. 290825)
wminer@kaollp.com
KAO LLP
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: 415-539-0996
Facsimile: 866-267-0243

Attorneys for Plaintiff and Counter-Defendant
govino, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| GOVINO, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GOVERRE, INC., a Delaware corporation; REGAN KELAHER, an individual; SHANNON ZAPPALA, an individual; and DOES 1-10,<br><br>Defendants. | Case No. 8:17-cv-1237 JLS (JCGx)<br><br>**PLAINTIFF GOVINO, LLC'S APPLICATION FOR LEAVE TO FILE REPLY TO DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL DEADLINES; REPLY; AND DECLARATION OF ANDREW HAMILL IN SUPPORT THEREOF** |

| | |
|---|---|
| GOVERRE, INC., a Delaware corporation, REGAN KELAHER, an individual; SHANNON ZAPPALA, an individual; and DOES 1-10, <br><br>　　　　Counter-Plaintiffs, <br>　　v. <br><br> GOVINO, LLC, a Delaware limited liability company, <br><br>　　　　Counter-Defendant | Discovery Cut-Off: May 15, 2018 <br> Pretrial Conference: Sept. 14, 2018 <br> Trial: None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT** in accordance with Central District of California, Local Rule 7-19, plaintiff govino, LLC ("govino") hereby seeks leave to file a Reply, attached hereto as **Exhibit A**, that briefly addresses the factual mischaracterizations that defendants GoVerre, Inc., Shannon Zappala, and Regan Kelaher (collectively, "GoVerre") claimed in their Opposition to govino's *Ex Parte* Application.

Dated: May 21, 2018

By: /s/ Andrew D. Hamill

Scott M. Lowry (CA Bar No. 244504)
scott@lawlb.com
LOWRY BLIXSETH LLP

Chris Kao (CA Bar No. 227086)
ckao@kaollp.com
Andrew Hamill (CA Bar No. 251156)
ahamill@kaollp.com
Whitney Miner (CA Bar No. 290825)
wminer@kaollp.com
KAO LLP

# Exhibit A

## REPLY TO *EX PARTE* APPLICATION

Notwithstanding the ridiculous tone and baseless allegations that GoVerre interposed in its Opposition, many of which are irrelevant to govino's instant *ex parte* application to extend certain deadlines in the Civil Trial Order by 45-days, GoVerre misrepresents many facts.

For purposes of the instant *ex parte* application, govino **only** addresses GoVerre's relevant mischaracterizations below[1]:

### I.   Mischaracterization Regarding govino's Diligence.

| GoVerre's Mischaracterization | govino's Clarification |
|---|---|
| "Govino did not schedule the depositions of any witnesses until five weeks before the close of discovery." (Opp., 2:12-13). | The parties conducted an unsuccessful private mediation on February 14 and engaged in settlement discussions for weeks thereafter.  Govino noticed depositions as soon as it became clear the parties were at an impasse and could not come to a resolution.  govino asked for available dates for the depositions of Shannon Zappala and Regan Kelaher on February 28, 2018.  Govino did not receive a response and again inquired for available dates on March 7, 2018.  On March 8, 2018, GoVerre responded that Defendants would be available no earlier than April 16.  Declaration of Andrew Hamill ("Hamill Decl."), ¶ 2; Ex. A to Hamill Decl. |

---

[1] Many of the allegations GoVerre has not even attempted to meet and confer on previously and is raising for the first time in its Opposition.  If GoVerre wants to undertake a proper meet and confer on any concerns it has - govino is happy to oblige and work with GoVerre to resolve its concerns.  Indeed, this is yet another reason to extend the deadlines in the Civil Trial Order so the parties can work through their concerns.

| | |
|---|---|
| | govino was the first party to take depositions in this case; govino deposed Beth Greer and John Greer on April 12 and 13, 2018, respectively. *Id.* at ¶ 3; Ex. B to Hamill Decl. |
| "Govino propounded several rounds of discovery so late that the responses were not due until after the depositions of GoVerre's corporate representative and both corporate officers." (Opp., 2:1416). | Govino first propounded discovery requests back in October of 2017. Hamill Decl., ¶ 4. The parties continued to engage in discovery thereafter, and on April 13, 2018, both GoVerre and govino propounded the last set of discovery requests. *Id.* at ¶ 5. |
| "Govino has not, and cannot, point to any document in Defendants' final production of such importance to this case as to warrant a complete re-opening of the discovery period." (Opp., 5:14-16). | Defendants represented that they are "still reviewing" documents that haven't even been produced yet. These are the documents that govino is most concerned with having enough time to review and compel further responses on. Hamill Decl., ¶ 6. |

II. **Mischaracterizations About govino's Diligence In Pursuing Documents and Communications Related to the Richard Law Group Opinion Letter.**

| GoVerre's Mischaracterization | govino's Clarification |
|---|---|
| "It was first discussed in the deposition of Goverre's corporate representative on April 16, 2018, but Plaintiff's counsel did not ask any follow-up questions after being reminded of the opinion letter. More importantly, the Richard opinion letter was actually entered into the record as a deposition exhibit on April 23, 2018 during the deposition of Govino's corporate representative." (Opp., 2:24-3:2) | The Richard Law Group letter was hardly "discussed" during the depositions. Hamill Decl. ¶¶ 7, 9.<br><br>In the April 16 deposition, govino's counsel questioned Ms. Kelaher about her notes that she brought to the deposition – govino's counsel did not have any context to seek further information about the letter:<br><br>    Q Under "Strength of the mark"<br>    it says "See Molly's opinion."<br>    A Yeah. |

> Q What is that?
> A Molly's opinion is a letter, an opinion letter, regarding this whole mess.
> Q Okay.
> (Dep. Tr. 358:18-24).

*Id.* at ¶ 7.

In the April 23 deposition, GoVerre's counsel introduced the letter as an exhibit, but questioned Mr. Perrulli on it for less than minute:

> BY MR. KLEMCHUK:
> Q Are you aware that the defendants hired an independent law firm to analyze whether there was an
> infringement or not?
> A No.
> Q So you are testifying today as the corporate rep, can you provide any testimony today as to whether  this opinion as included as Exhibit 145 is reasonable or objective or not?
>
> Q Did you know that the defendants had hired an attorney to get an independent opinion as to the claims
> made in the cease and desist letters?
> A No.
> Q So I take it you are not prepared today to tell me whether you agree or disagree with Exhibit 145?
> A Right.

|   |   |
|---|---|
|   | Q Okay. Just put it to the side.<br>(Dep. Tr. 198-199).<br><br>*Id.* at ¶ 9. |

### III. Mischaracterizations About govino's Diligence In Pursuing Document and Communications Related to Marco Gonzalez and the Coast Law Group.

| GoVerre's Mischaracterization | govino's Clarification |
|---|---|
| "This issue was not resolved, and Defendants' counsel instructed Plaintiff's counsel that due to the serious nature of the waiver issue, Plaintiff would first need to seek a ruling from the Court as to whether or not privilege had been waived. Plaintiff did not seek such a ruling, discovery closed, and this issue should now be considered moot." (Opp, 3:8-12). | Following several attempts to meet and confer with GoVerre's counsel on the issue, govino is diligently pursuing a motion to compel production of the Marco Gonzalez email. Hamill Decl. ¶ 10; Ex. G to Hamill Decl. Most recently, on April 18, govino's counsel sent a stipulation to GoVerre's counsel in accordance with L.R.37-2. *Id.* |
| "Plaintiff had knowledge of Mr. Gonzalez for months before the close of discovery but chose not to pursue discovery from him and never sought a ruling on Defendants' privilege objections." (Opp, 3:21-23). | As previously discussed, govino is pursuing a motion to compel production of the Marco Gonzalez email. Hamill Decl. ¶ 10; Ex. D to Hamill Decl. GoVerre has inconsistently claimed attorney-client privilege on its communications with Marco Gonzalez and has continued to produce communications with him since claiming privilege. *Id.* at ¶¶ 10-11.<br><br>Nonetheless, govino diligently pursued discovery related to Marco Gonzalez – back in March (RFP No. 59 asked for "all communications between GOVERRE and Marco A. Gonzalez…that relate to GOVINO, |

|  | GOVINO's MARKS, or GOVINO's products."). Once again, Defendants were inconsistent with their position, objected to govino's request, and did not agree to produce any communications. |
|---|---|

### IV. Mischaracterizations About The Shark Tank Documents That GoVerre Previously Produced.

| GoVerre's Mischaracterization | govino's Clarification |
|---|---|
| "These documents were not requested to be produced under *after* the depositions of Goverre's corporate representative and each of its corporate officers." (Opp, 4:4-5). | Govino propounded requests for the production of communications and documents between GOVERRE and *any third party* relating to confusion about govino and govino's marks in October of 2017 (RFP Nos. 16 and 23). This was well before any depositions in this case took place. Hamill Decl. ¶¶ 3-4.<br><br>Govino propounded requests for production specifically identifying Shark Tank on March 17, 2018, also before any depositions took place in April. *Id.* |
| "Many documents relating to Shark Tank were produced early on in discovery." (Opp, 4:6-7). | The "many documents relating to Shark Tank" that GoVerre refers to were merely (a) congratulatory e-mails to the defendants about their appearance on Shank Tank and; (b) articles surrounding their appearance on Shank Tank. These communications have nothing to do with the documents that govino is waiting to receive from GoVerre: communications and documents that were exchanged between Defendants and any affiliates of Shark Tank. Hamill Decl. ¶ 4. |

### V. Mischaracterization about GoVerre's Recent Document Production on The Close of Fact Discovery On April 15.

| GoVerre's Mischaracterization | govino's Clarification |
|---|---|
| "Govino has not, and cannot, point to any document in Defendants' final production of such importance to this case as to warrant a complete re-opening of the discovery period." (Opp, 5:14-16). | Govino identified the meeting minutes from the time period when Regan Kelaher and Shannon Zappala were coming up with the GoVerre name, which were included in GoVerre's May 15, 2018 production. In addition, govino is also relying on the thousands of pages of documents that GoVerre informed govino it was "still reviewing" and would produce after the discovery cut-off. |

### VI. Mischaracterization about Shannon Zappala's Deposition Not Being Left Open.

| GoVerre's Mischaracterization | govino's Clarification |
|---|---|
| "In fact, the deposition for Ms. Zappala expressly was not kept open. There was only a brief discussion by Plaintiff's counsel that it *might* seek to reopen the Zappala deposition based on the alleged waiver of privilege as to Mr. Gonzalez's communications. (Opp. 5:20-24). | Ms. Zappala's deposition was expressly left open.<br><br>MR. KAO: So, Counsel, we talked about this. You're moving to redact -- retract that? That's an open dispute. I'm not going to question her on those documents until that is resolved, **but I will note the instruction not to answer and keep this deposition open on that subject.**<br><br>MR. KLEMCHUK: Yeah, you can try. I understand.<br><br>Dep. Tr., 237:15-21. [emphasis added]. |

8
PLAINTIFF GOVINO, LLC'S APPLICATION FOR LEAVE TO FILE REPLY; REPLY

| | |
|---|---|
| | Hamill Decl., ¶ 8. |

Dated: May 21, 2018

By: _____

Scott M. Lowry (CA Bar No. 244504)
scott@lawlb.com
LOWRY BLIXSETH LLP

Chris Kao (CA Bar No. 227086)
ckao@kaollp.com
Andrew Hamill (CA Bar No. 251156)
ahamill@kaollp.com
Whitney Miner (CA Bar No. 290825)
wminer@kaollp.com
KAO LLP

PLAINTIFF GOVINO, LLC'S APPLICATION FOR LEAVE TO FILE REPLY; REPLY

# PROOF OF SERVICE

I am a resident of San Francisco, California, I am over the age of 18 years and not a party to the within action; my business address is One Post Street, San Francisco, CA 94104.

On May 21, 2018, I served the foregoing document described as:

**PLAINTIFF GOVINO, LLC'S APPLICATION FOR LEAVE TO FILE REPLY TO DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL DEADLINES;**

**REPLY AND;**

**DECLARATION OF ANDREW HAMILL.**

[X] ELECTRONIC MAIL: I transmitted said document(s) via electronic mail (e-mail) to the e-mail address(es) listed below.

<u>Counsel for Defendants:</u>
Darin M. Klemchuk
darin.klemchuk@klemchuk.com
Brian Casper
brian.casper@klemchuk.com
Klemchuk LLP
Campbell Centre II
8150 North Central Expressway, 10th Floor
Dallas, Texas, 75206

William A. Delgado
wdelgado@willenken.com
Willenken Wilson Loh & Delgado LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017

Executed on May 21, 2018 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

              */s/ Guy Lau*
              Guy Lau