Scott M. Lowry (CA Bar No. 244504)
scott@lawlb.com
LOWRY BLIXSETH LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

Chris Kao (CA Bar No. 227086)
ckao@kaollp.com
Andrew Hamill (CA Bar No. 251156)
ahamill@kaollp.com
Whitney Miner (CA Bar No. 290825)
wminer@kaollp.com
KAO LLP
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: 415-539-0996
Facsimile: 866-267-0243

Attorneys for Plaintiff and Counter-Defendant
govino, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| GOVINO, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>   v.<br><br>GOVERRE, INC., a Delaware corporation; REGAN KELAHER, an individual; SHANNON ZAPPALA, an individual; and DOES 1-10,<br><br>        Defendants. | Case No. 8:17-cv-1237 JLS (JCGx)<br><br>**DECLARATION OF ANDREW HAMILL IN SUPPORT OF PLAINTIFF GOVINO, LLC'S EX PARTE APPLICATION TO CONTINUE PRE-TRIAL DEADLINES**<br><br>Discovery Cut-Off: May 15, 2018<br>Pretrial Conference: Sept. 14, 2018<br>Trial: None Set |

GOVERRE, INC., a Delaware
corporation, REGAN KELAHER, an
individual; SHANNON ZAPPALA, an
individual; and DOES 1-10,

                Counter-Plaintiffs,

    v.

GOVINO, LLC, a Delaware limited
liability company,

                Counter-Defendant

## <u>DECLARATION OF ANDREW HAMILL</u>

I, Andrew Hamill, declare as follows:

1.     Plaintiff govino, LLC "govino" and Defendants participated in a private mediation on February 14, 2018.  Govino and Defendants continued settlement discussions for several weeks after the mediation.

2.     govino's attorneys asked for available dates for the depositions of Shannon Zappala and Regan Kelaher on February 28, 2018. Govino did not receive a response and again inquired for available dates on March 7, 2018.  A true and correct copy of that email chain is attached hereto as **Exhibit A**.

3.     govino served third parties Beth (O'hara) Greer and John Greer with subpoenas for deposition and production of documents on March 27, 2018 and March 14, 2018.  Beth (O'hara) Greer was deposed on April 12, 2018; John Greer was deposed on April 13, 2018.  These depositions, conducted by govino, were the first depositions conducted by any of the parties to this case.  A true and correct copy of the subpoenas served on Beth (O'hara) Greer and John Greer are attached hereto as **Exhibit B**.

4.     govino first served Requests for Production on October 6, 2017, including requests for production of communications between GoVerre and any third parties regarding relating to confusion about govino and govino's marks.  On

March 17, 2018, govino propounded requests for production specifically seeking communications and documents that were exchanged between Defendants and any affiliates of Shark Tank.  Both of these requests were propounded prior to any depositions being conducted in this case.

5.      On April 13, 2018, both GoVerre and govino served written discovery requests.

6.      On May 15, 2018, GoVerre produced over 1,200 pages of documents. GoVerre also stated that it was "still reviewing" 2,035 additional documents which it might produce after the discovery cut-off. A true and correct copy of the email containing GoVerre's production and statement that it was "still reviewing" 2,035 additional documents is attached hereto as **Exhibit C**.

7.      On April 16, 2018, govino deposed GoVerre corporate representative and defendant Regan Kelaher.

8.      On April 17, 2018, govino deposed GoVerre co-founder and defendant Shannon Zappala.

9.      On April 23, 2018, GoVerre deposed govino corporate representative Joseph Perrulli.

10.     govino is pursuing a motion to compel re-production of the opinion provided by attorney Marco Gonzalez to GoVerre on January 30, 2014.  On May 18, 2018, I sent a Joint Stipulation pursuant to Local Rule 37-2 to GoVerre's counsel. A true and correct copy of my email to opposing counsel with a Joint Stipulation is attached hereto as **Exhibit D**.

11.     GoVerre has produced a number of communications between GoVerre and attorney Marco Gonzalez which it has not clawed back.

I declare under penalty of perjury under the laws of California that the foregoing declaration is true and correct.

DECLARATION OF ANDREW HAMILL IN SUPPORT OF PLAINTIFF GOVINO, LLC'S EX PARTE
APPLICATION TO CONTINUE PRE-TRIAL DEADLINES

1

2     Executed on May 20, 2018, in San Francisco, California.

3

4                         _____

5                           Andrew Hamill

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ANDREW HAMILL IN SUPPORT OF PLAINTIFF GOVINO, LLC'S EX PARTE
APPLICATION TO CONTINUE PRE-TRIAL DEADLINES

# Exhibit A

**From:** Darin Klemchuk [mailto:darin.klemchuk@klemchuk.com]
**Sent:** Thursday, March 8, 2018 2:21 PM
**To:** Andrew Hamill
**Cc:** Brian Casper; William Delgado; Gail Ashby; Nicole Wichi; Chris Kao; Whitney Miner; Scott M. Lowry; Jeffrey Castaneda; Norman Anderson
**Subject:** Re: Govino v. Goverre - subpoena and discovery

It appears that the best dates for all depositions will be April 16-18 and the week of April 23rd excluding April 27th, so let's block out those dates.  Once we exchange 30(b)(6) topic lists we can set the deposition order and specific dates within that range.  We will provide you our topics by Monday. Can you do the same?

Thanks,

dk


gsd+p

**Darin M. Klemchuk**
Managing Partner

**Klemchuk LLP**
Campbell Centre II
8150 North Central Expressway, 10th Floor
Dallas, TX 75206

Office       (214) 367-6000
Fax          (214) 367-6001

Klemchuk LLP

**Page 1 of 4**

**website** | **bio** | **vCard** | **my linkedin** | **map** | **email**

This email message and any attachments are for the sole use of the intended recipient(s) and contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

On Mar 7, 2018, at 1:15 PM, Andrew Hamill <ahamill@kaollp.com> wrote:

Darin,

We have not heard back from you and as you know, deadlines in this case are fast approaching.  Please respond by close of business Thursday.  Otherwise, we shall notice the depositions of Shannon Zappala and Regan Kelaher for April 27 and April 30, respectively.

We also intend to notice a 30(b)6 deposition notice of Goverre, LLC this week for April 16 and will be following up with designated topics.  Please confirm this date is acceptable by close of business Thursday as well.

Regards,
Andrew


On Feb 28, 2018, at 5:04 PM, Darin Klemchuk <darin.klemchuk@klemchuk.com> wrote:

Will do.

Sent from my iPhone

On Feb 28, 2018, at 6:52 PM, Andrew Hamill <ahamill@kaollp.com> wrote:

Darin,

Govino can make Joseph Perrulli available for his deposition on March 27, March 28, April 16, April 17, or April 18. Once we see your 30(b)(6) topics we'll determine who the proper corporate representative(s) are and when they are available.

Please let us know what dates in mid- to late-April Regan Kelaher and Shannon Zappala are available for their depositions.

Regards,
Andrew

<48659EFC-87A6-4DE6-BF9F-A23F463FE366[68].png>

Andrew Hamill
KAO LLP
One Post Street, Suite 1000
San Francisco, CA 94104
tel. 415-539-0996 ext. 2
fax. 866-267-0243

On Feb 27, 2018, at 4:52 PM, Darin Klemchuk <darin.klemchuk@klemchuk.com> wrote:

Andrew,

We will supplement our document production for the financial documents below.  This shouldn't take long for us to produce.

Please give us dates in late March or early April for Perrulli's deposition.  We will want to depose a govino corporate representative in mid- to late-April so please give us dates for that as well.  We will send you topics in advance.

Regarding the subpoena non-production and the discovery responses, we intend to move to compel.  William and Brian will be in touch on the meet and confer process.  Given the scheduling order, we need to move expeditiously on this.

Thanks,

dk


gsd+p

**Darin M. Klemchuk**
Managing Partner

**Klemchuk LLP**
Campbell Centre II
8150 North Central Expressway, 10th Floor
Dallas, TX 75206

Office        (214) 367-6000
Fax           (214) 367-6001

Klemchuk LLP

website | bio | vCard | my linkedin | map | email

This email message and any attachments are for the sole use of the intended recipient(s) and contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.


On Feb 23, 2018, at 9:55 AM, Andrew Hamill <ahamill@kaollp.com> wrote:

Darin,

Defendants never served Mr. Perrulli with the document subpoena, nor did they provide advance notice to all parties before their purported service as FRCP 45(a)(4) requires.  Accordingly, Mr. Perrulli has no obligation to formally respond and reserves all rights.

In response to your inquiry about whether Govino expects to supplement its responses to Goverre's Requests for Admission – if you contend that Govino's responses are deficient,

please identify any alleged deficiencies so we can address your concerns.

Finally, please identify by what date Goverre expects to supplement its financial documents, including the documents that Govino requested in its Request for Production Nos. 28-29.  Goverre only produced profit and loss statements through March of 2017; this is before Goverre's appearance on Shark Tank aired in April of 2017.

Regards,
Andrew

<48659EFC-87A6-4DE6-BF9F-A23F463FE366[68].png>

Andrew Hamill
KAO LLP
One Post Street, Suite 1000
San Francisco, CA 94104
tel. 415-539-0996 ext. 2
fax. 866-267-0243

# Exhibit B

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Govino, LLC, a Delaware Limited Liability Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   8:17-cv-1237 |
| Goverre, Inc. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
                              Beth O'Hara
                    1053 Coast Boulevard, La Jolla, 92037
                *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Appendix A

| Place: Regus Business Center- Friars Mission | Date and Time: |
|---|---|
| 1455 Frazee Road, Suite 500 | |
| San Diego, CA 92108 | 04/12/2018 9:00 am |

    The deposition will be recorded by this method:   Stenographer and Videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/22/2018

                    *CLERK OF COURT*

                                            OR

                                            /s/ Whitney Miner
    _____          _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Govino, LLC
_____ , who issues or requests this subpoena, are:

Whitney Miner, Kao LLP, 1 Post Street, Ste. 1000, San Francisco, California, 94104; wminer@kaollp.com; 415-539-0996

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8;17-cv-1237

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Beth O'Hara
on *(date)*    03/27/2018    .

☑ I served the subpoena by delivering a copy to the named individual as follows: Beth O'Hara

1053 Coast Blvd., La Jolla, CA 92037

on *(date)*    03/29/2018    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$    60.00    .

My fees are $    75.00    for travel and $    0.00    for services, for a total of $    75.00    .

I declare under penalty of perjury that this information is true.

Date:    03/29/2018

*Server's signature*

Mike Medrano- Process Server
*Printed name and title*

1901 First Avenue, Suite 190
San Diego, CA 92101

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Govino, LLC, a Delaware Limited Liability Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 8:17-cv-1237 |
| Goverre, Inc. et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Beth O'Hara
1053 Coast Boulevard, La Jolla, 92037

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Appendix A

| Place: Titan Legal Services<br>8837 Villa La Jolla Drive, #13475<br>San Diego, California, 92039 | Date and Time:<br><br>04/04/2018 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/22/2018

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

Whitney Miner
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Govino, LLC
_____, who issues or requests this subpoena, are:
Kao LLP, 1 Post Street, Ste. 1000, San Francisco, California, 94104; wminer@kaollp.com; 415-539-0996

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8;17-cv-1237

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Beth O'Hara
on *(date)*      03/27/2018      .

☑ I served the subpoena by delivering a copy to the named individual as follows: Beth O'Hara

1053 Coast Blvd., La Jolla, CA 92037

on *(date)*      03/29/2018      ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$      60.00      .

My fees are $      75.00      for travel and $      0.00      for services, for a total of $      75.00      .

I declare under penalty of perjury that this information is true.

Date:      03/29/2018

*Server's signature*

Mike Medrano- Process Server

*Printed name and title*

1901 First Avenue, Suite 190
San Diego, CA 92101

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

10. **"Regan Kelaher"** means the defendant in this action and all of her past or present agents, representatives, employees, consultants, and all others acting or purporting to act on her behalf.

11. **"Regarding", "Relate(s) to" or "Relating to"** mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

12. **"Shannon Zappala"** means the defendant in this action and all of her past or present agents, representatives, employees, consultants, and all others acting or purporting to act on her behalf.

## DOCUMENTS TO BE PRODUCED

1. All Documents from 2013 to and including the present that relate to meetings that Beth O'Hara attended with Shannon Zappala, Regan Kelaher, or Shelby Novell about developing a product, including any meeting minutes, handwritten notes, or journal entries.

2. All Documents from 2013 to and including the present that relate to any exercises that Beth O'Hara, Shannon Zappala, Regan Kelaher, or Shelby Novell completed from the book The Art of the Start by Guy Kawasaki.

3. All Documents from 2013 to and including the present that relate to any mantras, marks, or slogans that Beth O'Hara, Shannon Zappala, Regan Kelaher, or Shelby Novell created about wine glasses.

4. Any design materials that Beth O'Hara brought to any meetings in 2013 with Shannon Zappala, Regan Kelaher, or Shelby Novell about developing a product, including inspiration boards, photographs of wine glasses and wine glass packaging.

5. All Documents relating to the conception, consideration, design, development, creation, selection, adoption, or first use of the Contested Marks.

6. All Communications between Beth O'Hara and Shannon Zappala that relate to the Contested Marks or Infringing Glasses.

7. All Communications between Beth O'Hara and Shannon Zappala that relate to Govino's Marks or Govino's Products.

8. All Communications between Beth O'Hara and Regan Kelaher that relate to the Contested Marks or Infringing Glasses.

9. All Communications between Beth O'Hara and Regan Kelaher that relate to Govino's Marks or Govino's Products.

10. All Communications between Beth O'Hara and Shelby Novell that relate to Govino's Marks or Govino's Products.

11. All Communications between Beth O'Hara and Shelby Novell that relate to the Contested Marks or Infringing Glasses.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Govino, LLC, a Delaware Limited Liability Company | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:17-cv-1237 |
| Goverre, Inc. et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
John Greer
LJG Partners, 680 West Beech Street, Suite A, San Diego, California, 92101
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Appendix A

| Place: Atkinson Baker<br>8880 Rio San Diego Drive, 8th Floor<br>San Diego, California, 92108 | Date and Time:<br><br>04/13/2018 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographer and Videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/22/2018

*CLERK OF COURT*

OR

| | Whitney Miner |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Govino, LLC
, who issues or requests this subpoena, are:
Whitney Miner, Kao LLP, 1 Post Street, Ste. 1000, San Francisco, California, 94104; wminer@kaollp.com; 415-539-0996

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:17-cv-1237

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* John Greer

on *(date)*    03/14/2018    .

☑ I served the subpoena by delivering a copy to the named individual as follows: John Greer

LJG Partners, 1053 Coast Blvd., La Jolla, CA 92037

on *(date)*    03/14/2018    ; or

❏ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$    60.00    .

My fees are $    165.00    for travel and $    0.00    for services, for a total of $    *165.00*    .

I declare under penalty of perjury that this information is true.

Date:    03/14/2018

*Server's signature*

Mike Medrano- Process Server
*Printed name and title*
1901 First Avenue, Suite 190
San Diego, CA 92101

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Govino, LLC, a Delaware Limited Liability Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  8:17-cv-1237 |
| Goverre, Inc. et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
John Greer
LJG Partners, 680 West Beech Street, Suite A, San Diego, California, 92101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Appendix A

| Place: Titan Legal Services c/o Dexter Odani<br>8837 Villa La Jolla Drive, #13475<br>San Diego, CA 92039 (Ph: 800-441-4107) | Date and Time:<br><br>03/19/2018 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/22/2018

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

Whitney Miner
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Govino, LLC
, who issues or requests this subpoena, are:

Kao LLP, 1 Post Street, Ste. 1000, San Francisco, California, 94104; wminer@kaollp.com; 415-539-0996

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:17-cv-1237

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* John Greer

on *(date)*        03/09/2018        .

☑ I served the subpoena by delivering a copy to the named person as follows:    John Greer

LJG Partners, 1053 Coast Blvd., La Jolla, CA 92037

                                        on *(date)*        03/14/2018        ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$        60.00        .

My fees are $        165.00        for travel and $        0.00        for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:        03/14/2018

                                        *Server's signature*

                                        Mike Medrano- Process Server

                                        *Printed name and title*
                                        1901 First Avenue, Suite 190
                                        San Diego, CA 92101

                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

The following definitions supplement the instructions contained in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, which are incorporated herein by reference. In addition to those instructions, the following apply to the documents requested below.

## DEFINITIONS

1. **"Contested Marks"** means the marks "GOVERRE" (U.S. Trademark Registration No. 4,765,018) and "ANY WINE. ANY TIME" (U.S. Registration No. 4,818,372) that are identified in the publicly filed Complaint in the Northern District of California, endorsed-filed July 19, 2017.

2. **"Communication(s)"** means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

3. **"Document(s)"** means each and every written, recorded, or graphic matter of any kind, type, nature, or description that is in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, facsimiles, email messages, text messages, spreadsheets, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, website screen shots, databases, electronic code, e-mails and all other records kept by electronic means, photographic or mechanical means, and other things similar to any of the foregoing.

4. **"Goverre"** means GoVerre, Inc., including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns, divisions, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture or partnership with or having supply relationships with Goverre, Inc., and others acting in cooperation with or on behalf of GoVerre, Inc.

5. **"Govino"** means govino, LLC, including without limitation all of its corporate locations, and all predecessors, successors, subsidiaries, parents, assigns, divisions, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture or partnership with or having supply relationships with govino, and others acting in cooperation with or on behalf of govino.

6. **"Govino's Marks"** means the trademarks and trade dress identified in GOVINO's Complaint, specifically including GOVINO® trademark (U.S. Trademark Registration Nos. 3,586,708 and 4,063,605); GO ANYWHERE® trademark (U.S. Trademark Registration No. 4,712,133); and the distinctive-nonfunctional notched indent in the glass sidewall of GOVINO® products.

7. **"Person"** means any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity and its agents and employees.

8. **"Regan Kelaher"** means the defendant in this action and all of her past or present agents, representatives, employees, consultants, and all others acting or purporting to act on her behalf.

9. **"Regarding", "Relate(s) to" or "Relating to"** mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

10. **"Shannon Zappala"** means the defendant in this action and all of her past or present agents, representatives, employees, consultants, and all others acting or purporting to act on her behalf.

## DOCUMENTS TO BE PRODUCED

1. All Communications between John Greer and Shannon Zappala which refer or relate to Govino, including any similarities between Govino's Marks and the Contested Marks.

2. All Communications between John Greer and Goverre which refer or relate to Govino, including any similarities between Govino's Marks and the Contested Marks.

3. All Communications between John Greer and Regan Kelaher which refer or relate to Govino, including any similarities between Govino's Marks and the Contested Marks.

4. All Communications between John Greer and Shannon Zappala which refer or relate to the conception, consideration, design, development, creation, selection, adoption and first use of the Contested Marks.

5. All Communications between John Greer and Goverre which refer or relate to the

conception, consideration, design, development, creation, selection, adoption and first use of the Contested Marks.

6. All Communications between John Greer and Regan Kelaher which refer or relate to the conception, consideration, design, development, creation, selection, adoption and first use of the Contested Marks.

7. All Communications between John Greer and Shannon Zappala which refer or relate to any actual or potential confusion arising from Goverre's use of the Contested Marks.

8. All Communications between John Greer and Goverre which refer or relate to any actual or potential confusion arising from Goverre's use of the Contested Marks.

9. All Communications between John Greer and Regan Kelaher which refer or relate to any actual or potential confusion arising from Goverre's use of the Contested Marks.

10. All Communications between John Greer and anyone relating to this lawsuit (excluding any communications that are protected by the attorney-client privilege).

11. All Documents that refer or relate to any similarities between Govino's Marks and the Contested Marks, including any internal memoranda.

12. All Documents that refer or relate to the conception, consideration, design, development, creation, selection, adoption and first use of the Contested Marks, including any internal memoranda.

13. All Documents that refer or relate to any actual or potential confusion arising from Goverre's use of the Contested Marks, including any internal memoranda.

14. All Documents that refer or relating to any marketing of, or plans to market, goods and/or services in connection with the Contested Marks, including any internal memoranda.

15. All Documents that refer or relate to any of John Greer's investments in or donations to GoVerre, including any of Goverre's Kickstarter campaigns.

16. All Documents that refer or relate to Govino, including Govino's Marks, internal memoranda, and communications involving Joseph Perrulli.

# Exhibit C

Sunday, May 20, 2018 at 5:28:15 PM Pacific Daylight Time

**Subject:** Govino v. Goverre

**Date:** Tuesday, May 15, 2018 at 2:53:05 PM Pacific Daylight Time

**From:** Gail Ashby

**To:** Whitney Miner, Chris Kao, Andrew Hamill, Scott M. Lowry, Jeffrey Castaneda, Norman Anderson, Adam Rhodes, Guy Lau

**CC:** Darin Klemchuk, William Delgado, Brian Casper, Mandi Phillips, Helen Hsiao, Gail Ashby

**Attachments:** 2018.05.15 Defs' 4th Supp. Disclosures.pdf

Counsel –

Attached are Defendants' Fourth Supplemental Disclosures.  We are also producing documents labeled Gov_005836 – 009120 via the following dropbox link:

https://www.dropbox.com/sh/j8pc42dc99wubjf/AAD3UEhEvmGdugldJy3ANI6aa?dl=0

Please note that there is a block of documents (GOV_005893 – 007928) that we are still reviewing.

Please let me know if you have any problems accessing the dropbox or documents.

Thank you.

**Gail Ashby**
Paralegal

**Klemchuk LLP**
Campbell Centre II
8150 North Central Expressway, 10th Floor
Dallas, TX 75206

Office          (214) 367-6000
Fax             (214) 367-6001

Klemchuk LLP

website | vCard | map | email

This email message and any attachments are for the sole use of the intended recipient(s) and contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

# Exhibit D

**Sunday, May 20, 2018 at 5:48:28 PM Pacific Daylight Time**

**Subject:** govino v. Goverre - joint stipulation regarding motion to compel

**Date:** Friday, May 18, 2018 at 3:49:36 PM Pacific Daylight Time

**From:** Andrew Hamill

**To:** Darin Klemchuk, William Delgado, Brian Casper, Nicole Wichi, Gail Ashby

**CC:** Chris Kao, Whitney Miner, Scott M. Lowry, Jeffrey Castaneda, Norman Anderson, Guy Lau, Adam Rhodes

**Attachments:** 2018-05-18 Joint Stmt MTC.docx, 48659EFC-87A6-4DE6-BF9F-A23F463FE366[68].png

Counsel:

Attached is govino's joint statement regarding its motion to compel production of the January 30, 2017 Marco Gonzalez email, previously produced at GOV_001174.  Per LR 37-2 please provide Goverre's portion the joint stipulation within seven days.

Regards,
Andrew



Andrew Hamill
KAO LLP
One Post Street, Suite 1000
San Francisco, CA 94104
tel. 415-539-0996 ext. 2
fax. 866-267-0243