UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01237-JLS-E                          Date: July 31, 2018
Title:  Govino, LLC v. Goverre, Inc. et al.

Present:  **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                              N/A
Deputy Clerk                              Court Reporter

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:

Not Present                         Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING DEFENDANTS'
APPLICATION TO SEAL (Doc. 65)**

Before the Court is an Application to Seal filed by Defendants GoVerre, Inc.,
Regan Kelaher, and Shannon Zappala.  (App., Doc. 65.)  Defendants filed this
Application pursuant to Local Rule 79-5.2.2(b) because Plaintiff govino, LLC, designated
confidential certain information that Defendants now seek to file in connection with their
Motion for Summary Judgment.  *See* C.D. Cal. R. 79-5.2.2(b).

Specifically, the Application seeks to seal: (1) portions of Defendant's Motion for
Summary Judgment that reveal Plaintiff's average annual sales, marketing budget, and
advertising expenses, (*see* MSJ at 13–14, Doc. 66-1); (2) portions of Defendants'
Statement of Undisputed Facts, which references the same information contained in the
Motion, (*see* SUF ¶¶ 72–74, 79); and (3) Exhibits C, H, P, Q, and R to the Motion in their
entirety, some of which are deposition transcripts and some of which are spreadsheets
containing sales and marketing information.  (App. at 1.)

Plaintiff filed a declaration in support of the Application, but the declaration fails
to articulate "compelling reasons" why the materials at issue should be sealed.  C.D. Cal.
R. 79-5.2.2(b).  As to the purportedly confidential information contained in Defendant's
Motion and Statement of Undisputed Facts, the Court has identified numerous other cases
that publicly reference a litigant's annual sales, marketing budget, and advertising
expenses.  *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1367 (Fed.
Cir. 2012); *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 899 (9th Cir. 2002);
*Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 703 F. Supp. 2d 671, 681 (W.D.

---

**CIVIL MINUTES – GENERAL**                **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-01237-JLS-E                                  Date: July 31, 2018

Title:  Govino, LLC v. Goverre, Inc. et al.

Ky. 2010), *aff'd*, 679 F.3d 410 (6th Cir. 2012).  As to the Exhibits, Plaintiff's conclusory statement that these documents contain "sensitive information about govino's finances and operations … [that] could cause significant harm to govino …" is insufficient to show a "compelling" need for sealing.  (*See* govino's Decl. at 3–4, Doc. 68.)  Moreover, the relief sought as to the Exhibits is not "narrowly tailored" to the asserted interest; for example, significant portions of the deposition transcripts do not discuss operational or financial information at all.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 667–79 (9th Cir. 2010).

Therefore, the Application to Seal is DENIED.

Initials of Preparer:  tg