SCOTT M. LOWRY (CA Bar No. 244504)
scott@lawlb.com
LOWRY BLIXSETH LLP
23632 Calabasas Road, Suite 201
Calabasas, California 91302
Telephone: 818-584-6460
Facsimile: 818-574-6026

CHRIS KAO (CA Bar No. 227086)
ckao@kaollp.com
ANDREW HAMILL (CA Bar No. 251156)
ahamill@kaollp.com
WHITNEY MINER (CA Bar No. 290825)
wminer@kaollp.com
KAO LLP
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: 415-539-0996
Facsimile: 866-267-0243

Attorneys for govino, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| GOVINO, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GOVERRE, INC., a Delaware corporation; REGAN KELAHER, an individual; SHANNON ZAPPALA, an individual; and DOES 1-10,<br>Defendants. | Case No. 8:17-cv-1237 JLS (JCGx)<br><br>**PLAINTIFF GOVINO LLC'S OBJECTIONS TO GOVERRE, INC.'S STATEMENT OF UNDISPUTED FACTS**<br><br>Date:  September 7, 2018<br>Time: 2:30 p.m.<br>Place: Courtroom 10A<br>Judge: Hon. Josephine L. Staton |

Pursuant to Central District of California Local Rule 56-2, Plaintiff Govino, LLC hereby submits the following evidentiary objections to Defendant Goverre, Inc.'s Statement of Undisputed Facts In Support of Motion for Partial Summary Judgment." (Dkt. 671-1).

Alleged facts No. 1 through 99 below correspond to the facts and alleged supporting evidence that Goverre identified in its Statement.

**Govino's Grounds for Objection to Goverre's Alleged Undisputed Facts**

| Alleged Fact No. | Grounds for Objection |
|---|---|
| 2 | ▪ Lack of Foundation – FRE 402<br>▪ Assumes Facts Not in Evidence – FRE 402<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Mischaracterizes witness testimony (no statements were made with regards to "tortious conduct") |
| 4 | ▪ Mischaracterizes witness testimony<br>▪ Vague, ambiguous as to "substantive" – FRE 602 |
| 5 | ▪ Mischaracterizes witness testimony (did not state "immediately when launched", stated probably 2008)<br>▪ Assumes Facts not in Evidence – FRE 402 |
| 6 | ▪ Vague, ambiguous as to "major portion" and "directed to" – FRE 602<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Assumes Facts Not in Evidence – FRE 402<br>▪ Speculation – FRE 602 |
| 7 | ▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Vague, ambiguous as to "much larger" and "far more" – FRE 602<br>▪ Speculation – FRE 602<br>▪ Relevance – FRE 401, 402 |
| 8 | ▪ Compound<br>▪ Did not cite to particular parts of materials in the record - refers generally to entire 129 page document – Fed. R. Civ. P. 56(c)(1) |

| Alleged Fact No. | Grounds for Objection |
|---|---|
|  | ▪ Did not cite to particular parts of materials in the record - refers generally to entire 15 page deposition transcript – Fed. R. Civ. P. 56(c)(1)<br>▪ Assumes Facts not in Evidence – FRE 402<br>▪ Speculation – FRE 602<br>▪ Relevance – FRE 401, 402<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4) |
| 9 | ▪ Did not cite to particular parts of materials in the record – refers generally to entire 15 page deposition transcript – Fed. R. Civ. P. 56(c)(1) |
| 10 | ▪ Did not cite to particular parts of materials in the record – refers generally to entire 15 page deposition transcript – Fed. R. Civ. P. 56(c)(1)<br>▪ Mischaracterizes witness statement (document does not state that the attorney's opinion was that Govino should not be concerned about infringing any trademark rights of Govino)<br>▪ Assumes Facts not in Evidence – FRE 402 |
| 11 | ▪ Vague, ambiguous as to "highly renowned" – FRE 602 |
| 12 | ▪ Improper argument - Fed. R. Civ. P. 56(c)(4)<br>▪ Assumes Facts not in Evidence – FRE 402<br>▪ Vague, ambiguous as to "spells out" and "exactly why" – FRE 602<br>▪ Compound<br>▪ Did not cite to particular parts of materials in the record – refers generally to entire 13 page letter – Fed. R. Civ. P. 56(c)(1) |
| 13 | ▪ Mischaracterizes witness testimony (witness did not state he intended email to be forwarded to Zappala) |
| 14 | ▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Mischaracterizes evidence |
| 15 | ▪ Compound<br>▪ Mischaracterizes witness' testimony (no testimony was made from either witness as to "actual damages")<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Improper Opinion – FRE 701, 704 |
| 16 | ▪ Compound |

PLAINTIFF GOVINO LLC'S OBJECTIONS TO GOVERRE, INC.'S STATEMENT OF UNDISPUTED FACTS

| Alleged Fact No. | Grounds for Objection |
|---|---|
| | ▪ Mischaracterizes witness' testimony (Perrulli did not state he "could not testify to", Perrulli was asked about "specific" lost sales)<br>▪ Mischaracterizes witness' testimony (Willette was not asked about "sales lost to Goverre") |
| 17 | ▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201<br>▪ Speculation – FRE 602<br>▪ Improper Opinion – FRE 701, 704 |
| 18 | ▪ Mischaracterizes witness testimony (no statement was made about Goverre's "products" and "mark")<br>▪ Assumes Facts not in Evidence – FRE 402 |
| 19 | ▪ Mischaracterizes witness testimony (Perrulli was asked if he contacted Zappala, not whether Govino did) |
| 20 | ▪ Vague, ambiguous as to "actual knowledge" – FRE 602 |
| 21 | ▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Confusing or misleading (Govino did not testify as to knowledge of ongoing and irreparable harm since 2014) – FRE 403<br>▪ Confusing or misleading  (Govino did not "fail to contact") – FRE 403 |
| 22 | ▪ Compound<br>▪ Vague, ambiguous as to "wholly unable" – FRE 602<br>▪ Mischaracterizes witness testimony (Perrulli only testified to what answer he could give on the date of the deposition) |
| 23 | ▪ Vague, ambiguous as to "contributed to" – FRE 602<br>▪ Vague, ambiguous and unintelligible as to "Ms. Zappala because familiar" – FRE 602 |
| 24 | ▪ Vague, ambiguous, and unintelligible as to "actions…which Govino complains" – FRE 602 |
| 25 | ▪ Compound<br>▪ Govino lacks personal knowledge as to the "earliest possible sale of Goverre's products" – FRE 602<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4) |
| 26 | ▪ Govino lacks personal knowledge as to the when a Goverre product was "actually delivered" – FRE 602 |
| 27 | ▪ Compound |

PLAINTIFF GOVINO LLC'S OBJECTIONS TO GOVERRE, INC.'S STATEMENT OF UNDISPUTED FACTS

| Alleged Fact No. | Grounds for Objection |
|---|---|
| | ▪ Lack of Foundation (Govino did not state it "seeks damages" for "any specific actions of Shannon Zappala in 2010") – FRE 402<br>▪ Vague, ambiguous, and unintelligible as to "articulate why" –FRE 602 |
| 28 | ▪ Compound |
| 29 | ▪ Mischaracterizes witness testimony (Perrulli did not testify "no one at Govino ever", Perrulli did not testify as to "mold casts", Perrulli did not testify as to "Govino's revenues")<br>▪ Vague, ambiguous, and unintelligible as to "mold casts" – FRE 602 |
| 30 | ▪ Mischaracterizes witness testimony (Perrulli did not testify that Govino's trademark and trademark became famous "immediately upon launch"). |
| 31 | ▪ Vague, ambiguous, and unintelligible as to "identify" – FRE 602 |
| 32 | ▪ Assumes Facts not in Evidence (Supporting evidence cited does not support the stated fact.  Goverre omitted Perrulli Deposition p. 115 from Casper Dec., Exhibit C, and thus the record is incomplete.) – FRE 402 |
| 33 | ▪ Mischaracterizes witness testimony (Perrulli did not state that Govino has not conducted any market surveys).<br>▪ Speculation – FRE 602<br>▪ Unsupported by admissible evidence– FRE 402 |
| 34 | ▪ Unsupported by admissible evidence (Supporting evidence cited is not even contained in Casper Dec., Exhibit H) – FRE 402 |
| 35 | ▪ Mischaracterizes witness testimony (Per supporting evidence cited, Estrella did not testify about "interactions with potential consumers").<br>▪ Unsupported by admissible evidence – FRE 402 |
| 36 | ▪ Mischaracterizes witness testimony (Per supporting evidence cited, Perrulli did not testify about McDonald's and Starbucks).<br>▪ Unsupported by admissible evidence – FRE 402 |
| 37 | ▪ Relevance – FRE 401, 402 |
| 38 | ▪ Relevance – FRE 401, 402 |
| 39 | ▪ Relevance – FRE 401, 402 |

PLAINTIFF GOVINO LLC'S OBJECTIONS TO GOVERRE, INC.'S STATEMENT OF UNDISPUTED FACTS

| Alleged Fact No. | Grounds for Objection |
|---|---|
| 40 | ▪ Relevance – FRE 401, 402 |
| 41 | ▪ Relevance – FRE 401, 402 |
| 42 | ▪ Relevance – FRE 401, 402 |
| 43 | ▪ Relevance – FRE 401, 402 |
| 44 | ▪ Relevance – FRE 401, 402 |
| 45 | ▪ Relevance – FRE 401, 402 |
| 46 | ▪ Relevance – FRE 401, 402 |
| 47 | ▪ Relevance – FRE 401, 402 |
| 48 | ▪ Relevance – FRE 401, 402 |
| 49 | ▪ Relevance – FRE 401, 402 |
| 50 | ▪ Relevance – FRE 401, 402 |
| 51 | ▪ Relevance – FRE 401, 402 |
| 52 | ▪ Relevance – FRE 401, 402 |
| 53 | ▪ Relevance – FRE 401, 402 |
| 54 | ▪ Relevance – FRE 401, 402 |
| 55 | ▪ Relevance – FRE 401, 402 |
| 56 | ▪ Unsupported by admissible evidence (Case cited did not hold Coach handbags were not famous) – FRE 402<br>▪ Relevance – FRE 401, 402 |
| 57 | ▪ Confusing or misleading (Case cited held Trek did not present sufficient evidence at that time to prove famousness) – FRE 403<br>▪ Relevance – FRE 401, 402 |
| 58 | ▪ Unsupported by admissible evidence (Case cited was reversed on appeal.) – FRE 402<br>▪ Did not cite to particular parts of materials in the record - refers generally to entire case – Fed. R. Civ. P. 56(c)(1)<br>▪ Relevance – FRE 401, 402 |
| 59 | ▪ Did not cite to particular parts of materials in the record - refers generally to entire case – Fed. R. Civ. P. 56(c)(1)<br>▪ Relevance – FRE 401, 402 |
| 60 | ▪ Did not cite to particular parts of materials in the record - refers generally to entire case – Fed. R. Civ. P. 56(c)(1)<br>▪ Unsupported by admissible evidence (In a default judgment, facts are construed in the light most favorable to moving party) – FRE 402<br>▪ Relevance – FRE 401, 402 |

| Alleged Fact No. | Grounds for Objection |
|---|---|
| 61 | ▪ Vague, ambiguous, and unintelligible as to "last four years" and "sales" – FRE 602 |
| 62 | ▪ Hearsay – FRE 802;<br>▪ Unsupported by admissible evidence – FRE 402<br>▪ Relevance – FRE 401, 402 |
| 63 | ▪ Unsupported by admissible evidence (The Court did not note that Trek was considered the country's most popular and most respected bicycle brand.) – FRE 402<br>▪ Relevance – FRE 401, 402 |
| 64 | ▪ Relevance – FRE 401, 402 |
| 65 | ▪ Unsupported by admissible evidence (In a default judgment, facts are construed in the light most favorable to moving party) – FRE 402<br>▪ Relevance – FRE 401, 402 |
| 66 | ▪ Vague, ambiguous as to "budget" and "last four years" – FRE 602<br>▪ Unsupported by admissible evidence – FRE 402 |
| 67 | ▪ Vague, ambiguous as to "budget" – FRE 602<br>▪ Relevance – FRE 401, 402<br>▪ Unsupported by admissible evidence – FRE 402 |
| 68 | ▪ Vague, ambiguous as to "budget" – FRE 602<br>▪ Relevance – FRE 401, 402<br>▪ Unsupported by admissible evidence – FRE 402 |
| 69 | ▪ Vague, ambiguous as to "budget" – FRE 602<br>▪ Relevance – FRE 401, 402<br>▪ Unsupported by admissible evidence – FRE 402 |
| 70 | ▪ Vague, ambiguous as to "retail locations" – FRE 602<br>▪ Relevance – FRE 401, 402 |
| 71 | ▪ Vague, ambiguous as to "budget" – FRE 602<br>▪ Assumes Facts not in Evidence – FRE 402 |
| 72 | ▪ Vague, ambiguous as to "actual" – FRE 602<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4) |
| 73 | ▪ Improper argument – Fed. R. Civ. P. 56(c)(4) |
| 74 | ▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Vague, ambiguous as to "certain years over the last four years" – FRE 602<br>▪ Assumes Facts not in Evidence – FRE 402 |
| 75 | ▪ Vague, ambiguous as to "retail location" – FRE 602 |

| Alleged Fact No. | Grounds for Objection |
|---|---|
| 76 | ▪ Vague, ambiguous as to "exist" and "incorporate" – FRE 602<br>▪ Unsupported by admissible evidence – FRE 402 |
| 77 | ▪ Did not cite to particular parts of materials in the record - refers generally to 12 page letter – Fed. R. Civ. P. 56(c)(1)<br>▪ Vague, ambiguous and unintelligible as to "go/vino trademarks" – FRE 602<br>▪ Unsupported by admissible evidence – FRE 402 |
| 78 | ▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Improper Opinion – FRE 701, 704<br>▪ Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201<br>▪ Vague, ambiguous as to "incorporate" – FRE 602 |
| 79 | ▪ Vague, ambiguous as to "top" – FRE 602<br>▪ Assumes Facts not in Evidence – FRE 402 |
| 80 | ▪ Did not cite to particular parts of materials in the record - refers generally to 128 page document – Fed. R. Civ. P. 56(c)(1)<br>▪ Lack of Foundation –FRE 402<br>▪ Assumes Facts not in Evidence – FRE 402<br>▪ Speculation – FRE 602<br>▪ Lack of Personal Knowledge –FRE 602<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201<br>▪ Confusing or misleading – FRE 403 |
| 81 | ▪ Vague, ambiguous as to "over" – FRE 602<br>▪ Did not cite to particular parts of materials in the record - refers generally to 128 page document – Fed. R. Civ. P. 56(c)(1)<br>▪ Lack of Foundation –FRE 402<br>▪ Assumes Facts not in Evidence – FRE 402<br>▪ Speculation – FRE 602<br>▪ Lack of Personal Knowledge –FRE 602<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Subject to Dispute, Not Capable of Accurate and Ready Determination – FRE 201<br>▪ Confusing or misleading – FRE 403 |

| Alleged Fact No. | Grounds for Objection |
|---|---|
| 82 | ▪ Vague, ambiguous as to "subsequent" – FRE 602<br>▪ Did not cite to particular parts of materials in the record - refers generally to 128 page document – Fed. R. Civ. P. 56(c)(1) |
| 83 | ▪ Did not cite to particular parts of materials in the record - refers generally to 128 page document – Fed. R. Civ. P. 56(c)(1)<br>▪ Confusing or misleading – FRE 403 |
| 84 | ▪ Confusing or misleading – FRE 403<br>▪ Vague, ambiguous as to "attempt to cancel" – FRE 602 |
| 85 | ▪ Improper Opinion – FRE 701, 704<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Vague, ambiguous as to "highly renowned" – FRE 602 |
| 86 | ▪ Vague, ambiguous as to "issued" – FRE 602 |
| 87 | ▪ Compound<br>▪ Confusing or misleading – FRE 403<br>▪ Unsupported by admissible evidence – FRE 402 |
| 88 | ▪ Compound<br>▪ Mischaracterizes witness testimony (Gonzales did not state "aimed at different consumers" or "priced substantially different.")<br>▪ Vague, ambiguous as to "substantially different" and "aimed" – FRE 602 |
| 89 | ▪ Unsupported by admissible evidence – FRE 402 |
| 90 | ▪ Improper Opinion – FRE 701, 704<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Mischaracterizes witness testimony (Perulli was not asked about "actual damages") |
| 91 | ▪ Compound<br>▪ Improper Opinion – FRE 701, 704<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Mischaracterizes witness testimony (Perulli testified he could not presently "speak to lost sales or things that would have to be quantified.") |
| 92 | ▪ Unsupported by admissible evidence – FRE 402 |
| 93 | ▪ Unsupported by admissible evidence – FRE 402 |

| Alleged Fact No. | Grounds for Objection |
|---|---|
| | ▪ Mischaracterizes witness testimony (Willett only testified that he was "involved in analyzing certain aspects of the sales decrease). |
| 94 | ▪ Vague, ambiguous as to "such a loss" – FRE 602<br>▪ Unsupported by admissible evidence – FRE 402 |
| 96 | ▪ Compound<br>▪ Mischaracterizes witness testimony (These were only selected partial statements from Govino's response and not the response in its entirety). |
| 97 | ▪ Improper Opinion – FRE 701, 704<br>▪ Improper argument – Fed. R. Civ. P. 56(c)(4)<br>▪ Usupported by admissible evidence – FRE 402<br>▪ Speculation – FRE 602<br>▪ Lack of Foundation – FRE 402 |
| 98 | ▪ Compound<br>▪ Confusing or misleading – FRE 403<br>▪ Mischaracterizes witness testimony (Perrulli testified to hearing about a Kickstarter campaign in February 2014). |
| 99 | ▪ Vague, ambiguous as to "still" – FRE 602<br>▪ Confusing or misleading – FRE 403 |

Dated: August 17, 2018

By:  */s/ Chris Kao*

Scott M. Lowry (CA Bar No. 244504)
scott@lawlb.com
LOWRY BLIXSETH LLP

Chris Kao (CA Bar No. 227086)
ckao@kaollp.com
Andrew Hamill (CA Bar No. 251156)
ahamill@kaollp.com
Whitney Miner (CA Bar No. 290825)
wminer@kaollp.com
KAO LLP

## **CERTIFICATE OF SERVICE**

I herby certify that on August 17, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Whitney Miner*
Whitney Miner

PLAINTIFF GOVINO LLC'S OBJECTIONS TO GOVERRE, INC.'S STATEMENT OF UNDISPUTED FACTS